UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

IRIS DARBY,

    Plaintiff,

    v.

DOT NHTSA,

    Defendant.

Case No. C17-731RSM

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

This matter came before the Court on Defendant's Motion to Dismiss. Dkt. #6. Defendant United States of America[1] moves to dismiss this case pursuant to Rule 12(b)(6) for failure to state a claim. Plaintiff Iris Darby has failed to file a timely Response or communicate with the Court in any fashion. The failure to file a response "may be considered by the court as an admission that the motion has merit." Local Civil Rule 7(b)(2).

Plaintiff filed a Complaint in King County Superior Court on or about April 5, 2016, claiming that she "encountered excessive toll charges – both in dollar amounts and frequency of encounters" while driving across the country, and at each location, claims she was "badgered,

---

[1] Federal agencies, such as the United States Department of Transportation ("DOT") and its component, the National Highway Transportation Safety Administration ("NHTSA"), cannot be sued in their own names for claims cognizable under the Federal Tort Claims Act ("FTCA"). In such suits, the United States of America is the real party in interest. *See* 28, U.S.C. §§ 1346(b), 2679, *et seq*.

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS - 1

harassed, ticketed or scolded at each encounter for not providing immediate funds." Dkt. #1-1 at 4. On May 10, 2017, the United States removed to this Court. Dkt. #1.

The Court agrees that the United States is the proper defendant in this matter, that Plaintiff's suit fails to plead applicable statutory requirements under the Federal Tort Claims Act, and that Plaintiff has failed to meet the standard of pleading under Rule 8(a)(2) by asserting how the NHTSA is responsible for her being "badgered, harassed, ticketed, or scolded" at various toll booths. *See* Dkt. #6 at 3-4. The Court therefore finds that Plaintiff's Complaint fails to state a claim upon which relief can be granted and that dismissal is warranted. Given the fundamental disparity between Plaintiff's pled facts and the facts necessary to bring a claim against Defendant, and given Plaintiff's failure to respond to the instant Motion, the Court sees no basis for granting leave to amend.

Having reviewed the instant Motion, all evidence submitted in support of the motion, and the remainder of the record, the Court hereby finds and ORDERS that Defendant's Motion to Dismiss (Dkt. #6) is GRANTED and all of plaintiff's claims are DISMISSED. This case is CLOSED.

DATED this 19 day of June, 2017.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS - 2